UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ROBERT H. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) 2:20-CV-137 |
| | ) |
| vs. | ) |
| | ) |
| BOBBY EARL DUNN, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT AND RECOMMENDATION

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 5].

It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] is **GRANTED**.

Because Plaintiff is an inmate in the Warren Correctional Institute, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, TN 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28

U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2). **The Clerk shall not issue process, however, at this time.**

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are brought against a defendant who is immune. *See*, *e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

On June 26, 2020, Plaintiff filed a Complaint for Violation of Civil Rights (42 U.S.C. § 1983). [Doc. 1]. In his complaint Plaintiff specifically alleges that Defendants "stole 3 vehicles and lots of other personal property from off the land of 947/969 McEwen Road Mountain City, TN 37683 from 4-12-19-current day." [Doc. 1, pp. 3-4]. Plaintiff seeks relief in the form of having Defendants "return and replace all stolen property back" or "put every Defendant in jail or prison for their crimes." [Doc. 1, p. 5]. Plaintiff also requests Defendants be required to pay all "fines, restitution and court costs as well" and values the stolen property at "$7,500.00 at least." [*Id.*].

Plaintiff notes that one of the defendants is his neighbor but does not provide a capacity or designation for the other defendants. [Doc. 1, p. 3]

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Polk County v. Dodson*, 454 U.S. 312, 315 (1981).The Supreme Court has found that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, Plaintiff has asserted a tort claim of theft of property against Defendants who appear to be private citizens.[1] Plaintiff does not make a claim that his constitutional rights have been violated by anyone acting under "color of law" pursuant to 42 U.S.C. § 1983, nor can the Court ascertain a claim from the pleadings which would be covered under the United States Constitution or the Federal Tort Claims Act.[2] As such, this Court does not have federal question jurisdiction over this suit. Additionally, as Plaintiff resides in Tennessee and he identifies Defendants as also residing in Tennessee [Doc. 1, p. 3], Plaintiff has not made a showing of diversity jurisdiction.

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a federal claim upon which relief can be granted. This Complaint lacks any arguable basis for a recovery in this Federal Court due to lack of jurisdiction. *Neitzke*, 490 U.S. 319 at 325.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir.

---

[1] There are no badge numbers or claims that the individuals are officers of the law, nor have any of the Defendants been sued in an official capacity.

[2] Plaintiff states in his Complaint that "the Sheriff is friends with the Defendants and refuse to help solve the problem"; however, the Court notes that the Sheriff has not been named as a defendant nor does the Complaint set forth what official duty the Sheriff has which he has allegedly failed to carry out. [Doc. 1, p.4].

1990), wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

                    Respectfully submitted,

                    s/ Cynthia Richardson Wyrick
                    UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).